UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KARMALOOP, INC.,             *
                                 *
        Plaintiff,          *
                                 *
        v.                *       Civil Action No. 12-11857-JLT
                                 *
ODW LOGISTICS, INC.,      *
                                 *
        Defendant.       *

MEMORANDUM

March 21, 2013

TAURO, J.

I.      Introduction

      Plaintiff Karmaloop, Inc. ("Karmaloop") brings this action against Defendant ODW

Logistics, Inc. ("ODW") for breach of contract and related tort claims.  ODW now moves to

transfer this action under 28 U.S.C. § 1404(a) to the U.S. District Court for the Southern District

of Ohio.  For the following reasons, ODW's Motion to Transfer [#7] is ALLOWED.

II.     Factual Background

      Karmaloop is an online clothing retailer based in Massachusetts.  ODW is a warehousing

and logistics company based in Ohio.  In July 2006, Karmaloop and ODW signed an agreement

("Original Contract"), in which ODW agreed to provide its storage and distributional services to

Karmaloop in Ohio.[1]  The Original Contract contained an Ohio choice-of-law provision,[2] but no

---

     [1] Compl. Ex. 1, at 1-2 [#1-1].

     [2] Id. at 8 ("This Agreement shall be deemed to have been entered into and executed in the
State of Ohio and shall be construed, performed and enforced in all respects in accordance with

forum selection clause.  The Original Contract also allowed either party to unilaterally terminate the contract for convenience.[3]

Karmaloop alleges that ODW breached the Original Contract in 2010 and 2011.[4]  As a result, Karmaloop exercised its right to terminate the Original Contract in February 2012.[5]  The parties signed a second contract, the May 2012 Transition Services Agreement ("TSA"), to "effectuate a smooth and orderly" termination to the parties' contractual relationship.[6]  Under the plain terms of the TSA, the Original Contract was "attached hereto and incorporated"[7] into the TSA.  Finally, the TSA contained a forum selection clause, whereby both parties agreed that the venue for any litigation would rest exclusively in Franklin County, Ohio.[8]

Karmaloop sued ODW in the District of Massachusetts on October 3, 2012 for breach of contract and related tort claims.  ODW filed a related action against Karmaloop in the Southern District of Ohio on October 29, 2012, seeking a declaratory judgment of ODW's obligations under the TSA.[9]  ODW now moves to transfer the present action to the Southern District of Ohio.

_____

the laws of the state.").

[3] Id. at 6.

[4] Compl. ¶¶ 10-33 [#1].

[5] Pl.'s Opp'n to Def.'s Mot. to Transfer, at 2 [#19].

[6] Exs. in Supp. of Def.'s Mot. to Transfer Part 2, at 4 [#10].

[7] Id.

[8] Id. at 11 ("Should litigation be required to resolve any such disputes, the parties hereby consent to personal jurisdiction of the state and federal courts residing in Franklin County, Ohio as the sole and exclusive jurisdiction and venue . . . .").

[9] See ODW Logistics, Inc. v. Karmaloop, Inc., No. 12-996 (S.D. Ohio filed Oct. 29, 2012).

2

III.   <u>Discussion</u>

The transfer statute, 28 U.S.C. § 1404, provides in relevant part:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.[10]

This statute grants district courts broad discretion in making transfer decisions.[11]  Although courts generally give presumptive weight to the plaintiff's choice of forum, this presumption may give way to other overriding considerations.[12]  Because the parties do not dispute that Karmaloop could have filed this action in the Southern District of Ohio, the question presented is whether convenience and the interests of justice warrant transfer.  This court finds that they do.

First, Karmaloop's cause of action arose in Ohio.  The parties entered into the relevant

---

[10] 28 U.S.C. § 1404(a) (2006).

[11] <u>Codex Corp. v. Milgo Elec. Corp.</u>, 553 F.2d 735, 737 (1st Cir. 1977).

[12] This court considers and weighs a number of private and public interest factors in resolving ODW's motion to transfer.  The Supreme Court described these factors as follows:

> The factors pertaining to the private interests of the litigants included the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."  The public factors bearing on the question included the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

<u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 241 n.6 (1981) (citations omitted); <u>see also</u> <u>Atari v. United Parcel Serv.</u>, 211 F. Supp. 2d 360, 362 (D. Mass. 2002).

contracts in Ohio, rendered all services under the Original Contract in Ohio, and committed all acts and omissions that form the basis for Karmaloop's complaint in Ohio.  These facts "weigh heavily in favor of transfer."[13]

Second, Ohio law governs Karmaloop's claims.  Karmaloop does not dispute that the Ohio choice-of-law provision in the Original Contract is valid.  Ohio courts are better equipped to apply Ohio law because they are more "at home with the law that must govern the action."[14]

Third, the parties have a related action pending in the Southern District of Ohio.  The related action, like this action, requires an adjudication of the parties' rights and liabilities under the Original Contract and the TSA.  Judicial economy favors transfer and consolidation.[15]

Fourth, given both parties' submission of witness and document lists, a majority of relevant evidence appears to be located in Ohio.  Although any decision "necessarily will result in one side being inconvenienced," the net convenience of the parties tips in favor of an Ohio venue.[16]

Finally, Karmaloop's lawsuit relates to the TSA, a contract that contains an Ohio forum selection clause.[17]  The TSA expressly incorporates the Original Contract by reference.[18]  Under

---

[13] See Wellons v. Numerica Sav. Bank, 749 F. Supp. 336, 337 (D. Mass. 1990).

[14] Piper Aircraft Co., 454 U.S. at 241 n.6; see also Jackson Nat'l Life Ins. Co. v. Economou, 557 F. Supp. 2d 216, 223-24 (D.N.H. 2008) ("[S]tanding alone, a requirement to apply Florida law favors . . . a transfer to a Florida venue [because] Florida is better versed in, and in a better position to apply, Florida law.").

[15] Wellons, 749 F. Supp. at 338.

[16] Atari, 211 F. Supp. 2d at 364-65.

[17] Under Ohio law, forum selection clauses between two commercial parties are presumptively valid, "absent a strong showing" of fraud.  Kennecorp Mortg. Brokers, Inc. v. Country Club Convalescent Hosp., 610 N.E.2d 987, 989 (Ohio 1993) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)).  Karmaloop does not challenge the legality of the

Ohio contract law, this incorporation by reference requires that both the Original Contract and the TSA be read together as one document.[19]  Thus, the TSA's forum selection clause also favors a transfer of this case to the Southern District of Ohio.[20]

IV.    Conclusion

        For the foregoing reasons, Defendant ODW's Motion to Transfer [#7] is ALLOWED.  This case is transferred to the Southern District of Ohio.


AN ORDER HAS ISSUED.


                              ____/s/ Joseph L. Tauro____
                              United States District Judge


_____

forum selection clause.

        [18] Exs. in Supp. of Def.'s Mot. to Transfer Part 2, at 4 [#10] ("[The Original Contract] between the parties dated July 1, 2006, as amended by instrument dated December 31, 2008, [is] attached hereto and incorporated as Exhibit A.").

        [19] Liberty USA Corp. v. Buyer's Choice Ins. Agency, 386 F. Supp. 2d 421, 424 (S.D.N.Y. 2008) ("According to Ohio law, '[d]ocuments that are incorporated by reference into a contract are to be read as though they are restated in the contract.'" (alteration in original) (quoting Blanchard Valley Farmers Coop. v. Carl Niese & Sons Farms, 758 N.E.2d 1238, 1244 (Ohio Ct. App. 2001))); Christe v. GMS Mgmt. Co., 705 N.E.2d 691, 693 (Ohio Ct. App. 1997) ("Where one instrument incorporates another by reference, both must be read together." (citing 18 Ohio Jurisprudence, Contracts § 152 (3d ed. 1980))).  Additionally, the parties executed a release agreement pursuant to the TSA on July 15, 2012 ("Release").  Exs. in Supp. of Def.'s Mot. to Transfer Part 4, at 1-2 [#12].  The Release holds the parties harmless for all contractual claims, "whether pursuant to the Original Contract (referenced and defined in the [TSA]), any contract or otherwise arising under law or equity."  Id. at 1.  The Release's express reference to both the Original Contract and the TSA provides additional support for the conclusion that all of the parties' contracts must be read together.

        [20] See, e.g., Lambert v. Kysar, 983 F.2d 1110, 1121 (1st Cir. 1993) ("[T]he contracting parties are bound to the forum selected in their contract.").

                              5